FILED
2011 Mar-11  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN  DIVISION

| | |
|---|---|
| **HOSPICE COMPLETE, INC.** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | |
| ] | **CV-09-BE-2398-S** |
| **KATHLEEN SEBELIUS,** ] | **CV-09-BE-2399-S** |
| ] | |
| **Defendant** ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Plaintiff's Motion for Leave to File Amended Complaint" (doc. 32 in both actions) as supplemented (doc. 33 in both actions), which has been thoroughly briefed. For the reasons stated below, the motion is due to granted.

Hospice Complete originally filed two complaints seeking declaratory and injunctive relief and challenging the Secretary's cap calculations  made pursuant to 42 C.F.R. § 309.418(b)(1), a regulation that Hospice Complete argues is invalid as it conflicts with clear congressional mandates set forth in 42 U.S.C. § 1395(f)(i)(2).  The lead case, CV-09-2398, addressed the cap demands for  fiscal year 2007 while CV-09-2399 addressed the calculation for fiscal year 2006, and the two cases have been consolidated.   Hospice Complete now seeks to file an amended complaint to add identical claims pertaining to fiscal year 2009.  As support for that motion, Hospice Complete relies on the decision of the Provider Reimbursement Review Board

1

("PRRB"), finding, among other things, that the PRRB has jurisdiction over the appeal of those

claims but is without the authority to decide the legal question of whether the regulation, 42

C.F.R. § 418.309(b)(1), is valid.  Thus, the PRRB found that "the hospice cap issue properly falls

within the provisions of 42 U.S.C. § 1395oo(f)(1)" and granted Hospice Complete's request for

expedited judicial review of its appeal of the fiscal year 2009 demands.  (Doc. 32-4).  As the

PRRB referenced in its decision, the Medicare statute allows for expedited judicial review of

cases where the PRRB determines that it lacks authority to decide a question presented in a

provider's appeal.   The statute provides in relevant part as follows:

> Providers shall also have the right to obtain judicial review of any
> action of the fiscal intermediary which involves a question of law or
> regulations relevant to the matters in controversy whenever the Board
> determines (on its own motion or at the request of a provider of services as
> described in the following sentence) that it is without authority to decide the
> question, by a civil action commenced within sixty days of the date on
> which notification of such determination is received. . . .The Board shall
> render such determination in writing within thirty days after the Board
> receives the request and such accompanying documents and materials, and
> the determination shall be considered a final decision and not subject to
> review by the Secretary. . . .

42 U.S.C. § 1395oo(f)(1).

The Secretary opposes Hospice Complete's motion, arguing that Hospice Complete's

claim for fiscal year 2009 has not completed the administrative process.  She points to the

January 12, 2011 notification that the Administrator would be reviewing the PRRB's ruling, and

she claims that, in light of that review, the PRRB's ruling is not a final ruling subject to judicial

review.  Thus, her argument goes, this court does not have jurisdiction to address the claims for

fiscal year 2009, and should deny the motion to amend.

In consideration of the motion to amend, this court has reviewed the motion with attached

exhibits; the Secretary's response (doc. 22); and Hospice Complete's reply (doc. 27) attaching

the decision of Magistrate Judge John Ott (doc. 27-1) addressing a motion to amend in another

case filed by a hospice provider challenging the same regulation.  *See American Hospice, Inc. v.*

*Leavitt,* No. CV-08-1879-JEO, doc. 45.   The motion before Judge Ott occurred in a strikingly

similar posture and addressed the identical issue: whether a district court has jurisdiction to

address claims after the PRRB has granted the request for expedited judicial review and found

that it is without authority to decide the legal question – the challenge to the validity of regulation

42 C.F.R. § 418.309(b)(1) – and after the Secretary has notified the plaintiff of its intent to

review the PRRB's ruling. In a well-reasoned decision, Judge Ott found he had jurisdiction

pursuant to expedited judicial review and granted the motion to amend.

This court agrees with the reasoning in Judge Ott's decision (*see* doc. 27-1 in the instant

case; *American Hospice, Inc. v. Leavitt,* No. CV-08-1879-JEO doc. 45) and hereby adopts that

reasoning as a basis for its ruling on the motion to amend in the instant case.  Specifically, this

court rejects the Secretary's argument, finding that the PRRB's ruling is indeed a final ruling,

that it is not subject to review by the Secretary/Administration, that the claims involving cap

demands for fiscal year 2009 identified in this motion fall within the provisions of 42 U.S.C. §

1395oo(f)(1) for expedited judicial review, and that this court has jurisdiction to review them.

Hospice Complete has moved for leave to amend to add those claims, and having first

determined that it has jurisdiction over them,  the court further finds that the requirements of

Rule 15(a)(2) of the Federal Rules of Civil Procedure are satisfied and that the motion is due to

be granted.

Dated this 11th day of March, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE